JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LOBUE BROS., INC., a corporation, | CASE NO. 8:13-cv-00362-JVS-JPR |
| Plaintiff, <br> vs. | **JUDGMENT BY COURT AGAINST ALL DEFENDANTS** |
| GREAT PACIFIC, INC., a California corporation; YONG HAK LEE, an individual; REVIVAL ENTERPRISE, INC., a California corporation, a.k.a. REVIVAL ENTERPRISES, INC.; MIN YONG KIM, a.k.a. YONG MIN KIM, a.k.a. NATHANIEL KIM, an individual, <br> Defendants. | **[Fed.R.Civ.P. Rule 55(b)(2)]** |

Having read and considered Plaintiff LOBUE BROS., INC.'s Motion for Default Judgment against Defendants GREAT PACIFIC, INC., a California corporation; YONG HAK LEE, an individual; REVIVAL ENTERPRISE, INC., a California corporation,

1

a.k.a. REVIVAL ENTERPRISES, INC.; and MIN YONG KIM, a.k.a. YONG MIN KIM, a.k.a. NATHANIEL KIM, an individual (collectively, "Defendants"), and all supporting pleadings and exhibits submitted therewith and other pleadings and exhibits already on file with this Court, and good cause appearing therefor,

IT IS HEREBY ADJUDGED that Plaintiff LOBUE BROS., INC., a corporation, is entitled to immediate entry of default judgment against Defendants GREAT PACIFIC, INC., a California corporation; YONG HAK LEE, an individual; REVIVAL ENTERPRISE, INC., a California corporation, a.k.a. REVIVAL ENTERPRISES, INC.; and MIN YONG KIM, a.k.a. YONG MIN KIM, a.k.a. NATHANIEL KIM, an individual, jointly and severally, as follows, all of which qualifies for trust protection under the trust provisions of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e, *et seq.*]:

(i)  Principal in the amount of $511,273.30;

(ii) Pre-judgment interest charges through and including July 8, 2013 (the date of the hearing on Plaintiff's motion), in the amount of $60,599.97, plus $140.08 per day from July 9, 2013, through the date on which judgment is entered;

(iii) Attorney's fees of $15,037.47;

(iv) Recoverable costs of $567.05; and

(v)  Post-judgment interest charges at the federal rate.

IT IS HEREBY ADJUDGED that this judgment is a PACA trust judgment, and as such, is superior to and takes priority over other secured and unsecured claims against Defendants' accounts receivable, inventory, proceeds thereof, and all other PACA trust assets; that PACA trust assets do not become property of Defendants or of the estates of Defendants under 11 U.S.C. §541; and that only funds in excess of the trust funds necessary to pay Plaintiff's PACA trust claim are property of the estates of Defendants, subject to any valid liens or claims thereto.

1 IT IS HEREBY ADJUDGED that this judgment is entered pursuant to Fed.R.Civ.P. Rule 54(b) and 55(b)(2).

IT IS SO ORDERED.

DATED: July 23, 2013

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE